945 F.2d 405
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eugene Thomas DEVINE, Defendant-Appellant.
 No. 91-5043.
 United States Court of Appeals, Sixth Circuit.
 Oct. 1, 1991.
 
 Before MILBURN and SUHRHEINRICH, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant Eugene Thomas Devine appeals from the district court's order denying his "Motion for Modification of Judgment." The principal issue in this case is whether defendant's procedural defaults, i.e., failing to object to his sentence and failing to appeal it, bar his claims for relief under Rule 35, Federal Rules of Criminal Procedure, or 28 U.S.C. § 2255. For the reasons that follow, we affirm.
 
 I.
 
 2
 Following his guilty plea to offenses involving the passing and uttering of counterfeit currency, defendant was sentenced to a term of imprisonment to be followed by a three-year term of supervised release. Pursuant to United States Sentencing Guidelines ("U.S.S.G."), § 5E1.2(i), the district court directed the defendant to "pay the costs of his supervised release at a rate of $83.33 per month." Defendant does not allege that he objected to any part of his sentence at the time of sentencing on July 27, 1988, and the record shows that he took no direct appeal to this court. Over two years later, on September 18, 1990, defendant filed a motion for modification of judgment in the district court, invoking jurisdiction under Rule 35, Federal Rules of Criminal Procedure, and alleging that his sentence, insofar as it required him to pay the costs of his supervised release, was in contravention of the terms of his plea agreement. His plea agreement, which had been accepted by the district court, specifically recited that no fine would be imposed as part of the sentence.
 
 
 3
 On December 18, 1990, the district court denied defendant's motion on the grounds that defendant knew restitution might be ordered as part of his sentence, that he understood a period of supervised release would follow his sentence, and that the court was required by U.S.S.G. § 5E1.2(i) to impose a fine to recover the costs of any supervised release ordered. This timely appeal followed.
 
 II.
 
 4
 After hearing argument of counsel and considering the record and briefs filed herein, we AFFIRM the order of the district court for the reasons set out in its memorandum of December 18, 1990.